# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURCHETT,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA ATTORNEY GENERAL,<br><br>    Respondent. | Case No. 2:19-cv-4535-DSF (AFM)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition is dismissed without prejudice and with leave to amend. *See* Rule 4 of the Rules Governing Section 2254 Cases.

Federal habeas corpus relief is not available unless a state petitioner has exhausted his state remedies. *See* 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, a petitioner must present the factual and federal legal basis for his claims to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

In this petition, Petitioner does not challenge his conviction or the sentence originally imposed. Instead, he challenges the California Superior Court's decision denying his request to be resentenced pursuant to California Senate Bill 1393. (ECF No. 1 at 4-9.) California Senate Bill 1393, which amends California Penal Code

sections 667(a) and 1385(b) to give trial courts discretion to dismiss prior felony conviction enhancement allegations, went into effect on January 1, 2019. *See People v. Galindo*, 2019 WL 2207123, at *2 (Cal. Ct. App. May 22, 2019).

According to Petitioner, he sought relief pursuant to Senate Bill 1393 in the California Superior Court, but it was denied. Petitioner, however, does not indicate that he presented his claims related to resentencing to the California Supreme Court. Although Petitioner attaches the cover sheet of a habeas corpus petition filed in the California Supreme Court, that petition was filed on May 8, 2017, long before Senate Bill 1393 became law. (*See* ECF No. 1 at 13-14.) Reference to the official docket of the California Supreme Court confirms that Petitioner filed no petitions in that court after 2017. *See* https://appellatecases.courtinfo.ca.gov. Therefore, it appears that Petitioner has not exhausted his state remedies.

A petition including unexhausted claims is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). In limited circumstances, however, a district court may stay an action so that a petitioner can return to state court and exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).[1] Under *Rhines*, a petitioner may be entitled to a stay only if: (a) the petitioner shows good cause for his failure to exhaust his claims first in state court; (b) the unexhausted claims not be "plainly meritless"; and (c) the petitioner has not engaged in "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 277-278.

Because it appears that the petition consists of unexhausted claims, it is dismissed without prejudice and with leave to amend. If Petitioner still desires to pursue this action, he is **ORDERED** to file a First Amended Petition on the forms provided by the Clerk within thirty (30) days of the date of this Order. The clerk is directed to send Petitioner a blank Central District § 2254 habeas petition form for this purpose.

---

[1] The Ninth Circuit has held that *Rhines* also applies to petitions that contains only unexhausted claims. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," be filled out completely, and be signed and dated. The First Amended Petition also shall name a proper respondent – e.g., the warden of the institution in which Petitioner is incarcerated or the Secretary of the California Department of Corrections and Rehabilitation. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 895 (9th Cir. 1996). The First Amended Petition also must include the specific legal and factual basis for each of Petitioner's claims for relief, as well as indicate whether each of those claims has been presented to the California Supreme Court. The First Amended Petition may include an attachment that is limited to 25 pages. If Petitioner seeks to file an attachment in excess of this page limitation, he must request permission to do so from the Court in advance.

If Petitioner seeks to raise any unexhausted claim in the First Amended Petition and believes that he can make the requisite showing for a stay of this action, then he may file, concurrently with his First Amended Petition, a separate motion to hold the First Amended Petition in abeyance while he returns to state court to exhaust his state court remedies with respect to his unexhausted claim(s).

**Petitioner is cautioned that failure to timely file a First Amended Petition in compliance with this Order may result in dismissal of this action without prejudice.**

DATED: 5/29/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: CV-69